******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STATE OF CONNECTICUT *v.* ANGELO REYES
(AC 46750)

Suarez, Clark and Lavine, Js.

*Syllabus*

The defendant, who had been convicted of various crimes in connection with two incidents of arson, and sentenced to a total effective term of twenty-five years of incarceration, execution suspended after fifteen years, and five years of probation, appealed from the trial court's denial of his motion for sentence modification. The defendant claimed that the court abused its discretion in finding that he had failed to establish good cause to modify his sentence. *Held:*

The trial court did not abuse its discretion in determining that the defendant failed to establish good cause to warrant a sentence modification, the court having conducted an appropriate review of the information before it when it determined that the devastation and harm resulting from the seriousness of the defendant's conduct and the fact that he had only served less than one third of his sentence outweighed his rehabilitative efforts.

Argued September 4—officially released November 12, 2024

*Procedural History*

Substitute information in one case charging the defendant with the crimes of arson in the second degree and conspiracy to commit criminal mischief in the first degree, and substitute information in a second case charging the defendant with the crimes of arson in the second degree, conspiracy to commit criminal mischief in the first degree, and conspiracy to commit burglary in the first degree, brought to the Superior Court in the judicial district of New Haven, where the cases were consolidated and tried to the jury before *Blue, J.*; verdicts and judgments of guilty; thereafter, the court, *Harmon, J.*, denied the defendant's motion for sentence modification, and the defendant appealed to this court. *Affirmed.*

*Naomi T. Fetterman*, assigned counsel, for the appellant (defendant).

*Jonathan M. Sousa*, assistant state's attorney, with whom, on the brief, were *John P. Doyle*, state's attorney, *Craig P. Nowak*, supervisory assistant state's attorney, and *Lisa D'Angelo*, executive assistant state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The defendant, Angelo Reyes, appeals from the judgment of the trial court denying his motion for a sentence modification filed pursuant to General Statutes § 53a-39. On appeal, the defendant claims that the court abused its discretion in finding that he had failed to establish good cause to modify his total effective sentence. We disagree and, accordingly, affirm the judgment of the trial court.

The relevant facts concerning the defendant's underlying convictions, as stated by our Supreme Court in *State* v. *Reyes*, 325 Conn. 815, 160 A.3d 323 (2017), can be summarized as follows. In the first case, in October, 2008, the defendant, who owned a laundromat and several properties in the Fair Haven section of New Haven, paid two of his employees, Osvaldo Segui, Sr., and Osvaldo Segui, Jr. (Seguis), to set fire to a single-family residence on Downing Street in New Haven. Id., 818. The defendant was angry that one of the owners of the Downing Street property refused to sell the property back to him and, after the fire, he intended to purchase the lot of land on which the residence had stood. Id. The Seguis, who lived rent free in one of the defendant's properties, agreed to set the fire, and, in the early morning hours of October 9, 2008, they did so. Id. In a second case, in May, 2009, the defendant enlisted the Seguis to set another fire, this time to a vehicle belonging to Madeline Vargas, a local businesswoman and employee of a nonprofit substance abuse services agency operating in Fair Haven. Id., 818–19. The defendant had an ongoing dispute with Vargas concerning her attempts

to run an outreach program for locals addicted to drugs in an empty parking lot near the defendant's laundromat. Id., 819.

On October 9, 2014, following a jury trial on the consolidated cases, the defendant was convicted of two counts of arson in the second degree in violation of General Statutes § 53a-112 (a) (2), two counts of conspiracy to commit criminal mischief in the first degree in violation of General Statutes §§ 53a-115 (a) (1) and 53a-48 (a), and one count of conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-101 (a) (1) and 53a-48 (a). On January 8, 2015, the court, *Blue, J.*, imposed a total effective sentence of twenty-five years of incarceration, execution suspended after fifteen years, followed by five years of probation. The defendant appealed the judgments of conviction to this court, the appeal was transferred to our Supreme Court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1, and the judgments of conviction were affirmed. Id., 833.

On March 15, 2022, the defendant filed a motion for sentence modification, seeking to reduce his fifteen year sentence to four and one-half years of incarceration followed by five years of probation. In the memorandum in support of his motion, the defendant argued that good cause existed to modify his sentence due to newly discovered evidence of his innocence,[1] his lack of

---

[1] The defendant filed two petitions for a new trial based on purportedly newly discovered evidence of innocence. The appeal from the denial of the first such petition was dismissed. See *Reyes* v. *State*, 222 Conn. App. 510, 521, 306 A.3d 5 (2023) (dismissing appeal from denial of 2017 petition for new trial that raised issue of newly discovered evidence of innocence on ground that court did not abuse its discretion in denying petition for certification to appeal), cert. denied, 348 Conn. 944, 307 A.3d 910 (2024). The judgment on the second such petition was reversed in part on appeal and remanded for a new evidentiary hearing. See *Reyes* v. *State*, 222 Conn. App. 538, 560, 306 A.3d 515 (2023) (affirming in part dismissal of 2020 petition for new trial alleging newly discovered evidence of innocence and reversing in part on statute of limitations grounds and remanding for new evidentiary hearing). The defendant also filed a petition for a writ of habeas corpus

disciplinary issues during incarceration, his worsening medical health due to incarceration and COVID-19, his participation in rehabilitative programing, and his ties to the community. Following a hearing, the court, *Harmon, J.*, denied the motion in an April 8, 2022 memorandum of decision. The defendant filed a motion for reconsideration in which he argued that the court, in denying his motion for a sentence modification, "might have overlooked" the newly discovered evidence of his innocence that he submitted in connection with his motion for sentence modification. The court denied the motion. This appeal followed.

The following standards, statutory language, and legal principles are relevant. Section 53a-39 (a) provides in relevant part that "the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced."

"[I]n arriving at its sentencing determination, the sentencing court may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider or the source from which it may come. . . . [T]his broad discretion applies with equal force to a sentencing court's decision regarding a sentence modification . . . . Accordingly, we review a court's judgment granting or denying a motion to modify a sentence for abuse of discretion. . . . An abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided

that included claims of ineffective assistance of trial counsel in relation to evidence allegedly demonstrating innocence, which was denied by the habeas court. See *Reyes* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. TSR-CV-19-4009918-S (August 24, 2023).

it based on improper or irrelevant factors. . . . As such, [i]n determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Generally speaking, under this deferential standard, [w]here the trial court has properly considered all of the offenses proved and imposed a sentence within the applicable statutory limitations, there is no abuse of discretion." (Internal quotation marks omitted.) *State* v. *Brelsford*, 227 Conn. App. 53, 61, 319 A.3d 763 (2024).

The defendant claims that the court abused its discretion in finding that he failed to establish good cause to modify his sentence.[2] Specifically, he contends that the court abused its discretion because, in addition to presenting evidence that he is actually innocent, "the fact that he has not incurred a single disciplinary ticket while serving this sentence, has engaged in rehabilitative programs, has maintained employment, and has a strong support network in the community . . . constitutes good cause for the modification of [his] sentence." We disagree.

The court stated in its memorandum of decision that it had "thoroughly reviewed the materials" submitted in support of the defendant's motion, including evidence of his good behavior while incarcerated, his mentoring of other inmates, his being a model prisoner with zero disciplinary reports, his health and the effect that COVID-19 had on his incarceration, and statements

---

[2] The defendant also argues that, "to the extent that the court faulted [him] for presenting evidence in support of his innocence during the modification proceeding, such evidence is appropriately placed before the court for consideration." Even assuming, arguendo, that claims of innocence are an appropriate factor for courts to consider in sentence modification proceedings, the court allowed the defendant to present such evidence and to make arguments in support of his innocence claim in this case and, nevertheless, concluded that the defendant failed to establish good cause.

from community members in support of sentence modification. The court noted that, in determining whether the defendant demonstrated good cause, it "considered whether the defendant has demonstrated substantial rehabilitation since the date the crime was committed. Factors that have been examined include, but are not limited to: (1) the gravity of his crime; (2) correctional record and length of time incarcerated; (3) his age and circumstances at the time of the commission of the crime; (4) whether he has demonstrated remorse and increased maturity since the date of the offense; (5) whether he has contributed to the welfare of other persons through service while incarcerated; and (6) the degree in which he has fully availed himself of opportunities for growth, rehabilitation, and contribution within the correctional system considering the nature and circumstances of the crime he committed."

The defendant acknowledges that the court's use of these factors was "well reasoned," but contests the court's weighing of the factors. In weighing the factors, the court stated that "[t]he gravity of the crime committed by the defendant, arson, in the court's view must be a consideration in evaluating the 'good cause' equation. Given the gravity of the crime, a commensurable level of rationale is at a minimum the starting point for a finding of 'good cause' to be warranted.

"The court should not and cannot ignore the devastation and harm resulting from this act of arson which could have resulted in the loss of a human life and required the assistance of thirty to forty firefighters who valiantly put their lives at risk. The court acknowledges the pain and devastation felt by the victim of the car fire. The crime of arson endangers lives and terrifies people. Property and more importantly people's lives were endangered by these actions.

"Therefore, after a review and consideration of the information and material presented, and with contemplation of the proper standard, the court finds the defendant has not established 'good cause' to modify the sentence imposed by the trial court. The circumstances presented by the defendant do not establish 'good cause', to wit: 'a legally sufficient reason,' to modify the sentence when balanced against the facts and harm created by the serious crime he committed. The defendant has served less than one third of his sentence at the time of this application which the court feels is not even close to sufficient based on the harm and devastation that resulted from his actions that seemed centered in greed and monetary gain."

The court conducted an appropriate review of the information before it when it determined that the "devastation and harm" resulting from the seriousness of the defendant's conduct and the fact that he had only served less than one third of his sentence outweighed his rehabilitative efforts. The court's weighing of factors is consistent with the broad discretion afforded to it in ruling on a motion for sentence modification. See, e.g., *State* v. *Martin G.*, 222 Conn. App. 395, 406, 305 A.3d 324 (2023) (court did not abuse its discretion in determining that defendant failed to establish good cause to warrant sentence modification where gravity of defendant's conduct and its continuing effect on victim and her family outweighed defendant's rehabilitative efforts), cert. denied, 348 Conn. 944, 308 A.3d 34 (2024); see also *State* v. *Brelsford*, supra, 227 Conn. App. 63–64 (rejecting defendant's claim that court should have relied more heavily on rehabilitative efforts and holding that court did not abuse its discretion in determining that defendant failed to establish good cause to warrant sentence modification where defendant's rehabilitative efforts did not outweigh factors weighing against sentence modification). For the foregoing reasons, we conclude

that the court did not abuse its discretion in determining that the defendant failed to establish good cause to warrant a sentence modification.

The judgment denying the motion for sentence modification is affirmed.

In this opinion the other judges concurred.